65 617
106 667

THE STATE V. GRAHAM.

1. **Larceny:** OF MONEY FROM PERSON: SUFFICIENCY OF INDICTMENT. The indictment in this case, charging that the defendants, "on the 16th day of April, 1882, in the county aforesaid, seven $100 notes, of the value and denomination of $100 each, consisting of national bank-notes, and national currency called greenbacks, and all of the aggregate value of $700, then and there being the property of the said A. H. H., feloniously did steal, take and carry away, contrary to law," *held* sufficient.

2. ———: ———: EVIDENCE TO EXPLAIN POSSESSION OF MONEY. Where bills of the denomination of the money stolen were found in the possession of one of the defendants, it was not competent, in explanation of such possession, to show that such defendant had bills of such denomination two or three months before, unless the money then had was shown to be identical with the money had after the larceny.

*Appeal from Tama District Court.*

TUESDAY, APRIL 7.

THE defendant was convicted in the court below of stealing certain money from the person of another, and he appeals.

*W. O. Childs*, for appellant.

*Smith McPherson*, Attorney-general, for the State.

ROTHROCK, J.—I. The defendant, with others, was convicted in the Marshall district court on this indictment. An appeal was taken to this court, and the judgment was reversed, and the cause was remanded for a new trial. See 62 Iowa, 108. After the cause was remanded, it was transferred to the Tama district court, where the trial was had from which the present appeal was taken. After the cause was transferred to Tama county, the defendant, by leave of the court, withdrew his plea of not guilty, and demurred to the indictment.

The charging part of the indictment is as follows: "The said Alex. Graham, Sophia Graham, John Daws and Hattie

1. LARCENY: of money from person; sufficiency of indictment. Dillon, on the 16th day of April, 1882, in the county aforesaid, seven $100 notes, of the value and denomination of $100 each, consisting of national bank-notes, and national currency notes called green-backs, and all of the aggregate value of $700, then and there being the property of A. H. Hildebrand, and then on the person of the said A. H. Hildebrand, feloniously did steal, take and carry away, contrary to law."

The demurrer was upon fifteen distinct grounds, which we do not deem it necessary to set out in this opinion. We have set out the indictment as the very best argument that could be made in support of the decision of the court in over-ruling the demurrer. If we were to hold that this indict-ment is demurrable, we should very greatly astonish the legal profession. The only respect in which it could well be made more specific is, that it might have stated how many of the $100 notes were national bank-notes, and how many were national currency notes. But this was wholly unneces-sary, because, if there was one of each, or of either, of the value of $100, the indictment was sufficient. We must be excused from following counsel in his argument upon the sufficiency of this indictment.

II. The crime charged was committed in the city of Mar-shalltown. After Hildebrand lost his money, a number of

2. ____: ____: evidence to explain pos-session of money. $100 notes were found in possession of one of the defendants. At the time these notes were found upon the person of one of the defendants, the defendant, Alexander Graham, claimed that none of them were stolen, and that he could prove where they were obtained,—that " they had got it at two or three different points, part of it from the bank at Iowa City." The defend-ant offered to prove that his wife (the party in whose pos-session the money was found) had from ten to twelve $100 bills at Iowa City two or three months before the alleged larceny. This evidence was objected to, and the court asked defendant's counsel if he proposed to prove that the money

possessed by the Grahams at Iowa City was the money in question; and counsel replied that he could "not show that the money is the same money that was found on them in Marshalltown." The objection to the introduction of the evidence was sustained. The defendant's counsel insists that this ruling of the court was erroneous. We think it was strictly correct. There would be very few convictions for the larceny of money, if it should be held that proof of the possession, by the party charged, of money of the same denomination, some two or three months before the crime was committed, and evidence of like character, should be held by courts to be material and proper. We discover no error in the record.

AFFIRMED.